## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MICHAEL LYNN D.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 22-4023-JWL** |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223, Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

### I.      Background

Plaintiff protectively filed an application for SSDI benefits on March 23, 2020. (R. 15, 166).  After exhausting administrative remedies before the Social Security

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Administration (SSA), Plaintiff filed this case seeking judicial review of the

Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims he

> presented evidence overwhelmingly demonstrating that she [sic] suffers
> from severe psychiatric impairments that interfere with her [sic] daily
> functioning.  This evidence was provided by her [sic] treating physicians
> and experts in the field of cognitive function.  The ALJ rejected this
> evidence without any real explanation, assigning only one paragraph of his
> 12-page analysis to Dr. Wang's report.  If this evidence had been
> appropriately considered, a different residual functional capacity would
> have resulted, which could have easily resulted in a finding of disability
> based upon the opinions of the vocational expert that testified at the
> February 9, 2021 hearing.

(Pl. Br. 9).

He claims the ALJ erred in relying on the medical opinions[2] of state agency

medical consultants and as a result his residual functional capacity (RFC) assessment was

erroneous.

The court's review is guided by the Act.  <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

---

[2] The medical opinions to which Plaintiff refers are more properly called prior administrative medical findings.  "Prior administrative medical findings" is a term of art referring to the findings of state or federal agency physicians or psychologists about a medical issue at an earlier level of review.  20 C.F.R. § 404.1513(a)(5).  Although the term is broader in scope than a "medical opinion," <u>id.</u> at § 404.1513(a)(2), the terms are often used interchangeably, such findings are evaluated by the same standards as medical opinions, <u>id.</u> at § 404.1520c, and the court will use the term medical opinion in this case except when necessary to draw a distinction.

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are

4

within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th

Cir. 1999).  The court addresses the errors alleged in Plaintiff's Social Security Brief.

## II.   Discussion

As noted above, in the introduction to his brief, Plaintiff argued he

presented evidence overwhelmingly demonstrating that she [sic] suffers
from severe psychiatric impairments that interfere with her [sic] daily
functioning.  This evidence was provided by her [sic] treating physicians
and experts in the field of cognitive function.  The ALJ rejected this
evidence without any real explanation, assigning only one paragraph of his
12-page analysis to Dr. Wang's report.  If this evidence had been
appropriately considered, a different residual functional capacity would
have resulted, which could have easily resulted in a finding of disability
based upon the opinions of the vocational expert that testified at the
February 9, 2021 hearing.

(Pl. Br. 9).

He claims the ALJ erred in relying on the medical opinions of state agency

medical consultants and as a result his RFC assessment was erroneous.  Plaintiff attacks

the opinions of the state agency medical consultants as generally lacking substantial

weight and being unworthy of persuasive value.

The opinions in questions are not medical reports but consultant reports
hired by the agency to evaluate claims.  They never see the claimant.  They
did not in this case.  They only briefly summarize the opinions.  They do
not explain their analysis.  There is no examination or opinions of their own
based upon the claimant.  They solely base their opinion on a medical
review of the records.

… [W]e cannot tell what they really evaluated.  They barely reference the
main impairing conditions.  They clearly did not have all of the opinions of
the treating doctor as treatment was provided long after the dates they did
the medical review.

This then raises the issues [sic] whether or not these non-examining
opinions can be used as substantial evidence.  They did not have all of the

> evidence.  The evidence was not fully developed at the time they issued
> their opinions.  In short, their opinions lacked proper foundation to be used
> in any way as substantial evidence to support the ALJ's decision.

(Pl. Br. 14).

Plaintiff purports to apply the first four regulatory factors for evaluating the persuasiveness of medical opinions and argues the opinions of the state agency medical consultants do not meet the requirements to be accepted as persuasive opinions.  Id. 14-16 (citing 20 C.F.R. § 404.1520c(c)).

Other than in his statement of facts at the beginning of his brief, Plaintiff cites to no record evidence in support of his allegations of error in the ALJ's decision.  Plaintiff's introductory paragraph quoted above contains no citation to record evidence and is virtually incomprehensible in the context of this case.  The plaintiff in this case is a man not a woman, he claims disabling physical not mental impairments, cognitive function does not appear as an issue here, the ALJ's decision here is 9 pages not 12, the decision here does not refer to a Dr. Wang, Dr. Wang does not appear in the evidence as a treating provider, and the hearing in this case was held on October 26, not February 9, 2021.  Moreover, on its face the Statement of Facts in Plaintiff's Brief does not point to errors in the ALJ's decision or to evidence which compels a different conclusion than the ALJ's.

In the argument section of his Brief Plaintiff does not cite to record evidence to support the allegations in his arguments and he does not cite record evidence to demonstrate the errors he alleges the ALJ made or to show evidence compelling a different finding than that reached by the ALJ.  As the Commissioner points out it is not the court's "obligation to search the record and construct a party's arguments."

Kirkpatrick v. Colvin, 663 F. App'x 646, 649 (10th Cir. 2016).  Thus, the court is left to either weigh the record evidence de novo or to simply review the ALJ's decision and determine whether he applied the correct legal standard and whether substantial evidence ("such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" Perales, 402 U.S. at 401) supports his findings.  Since the court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ; Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172; it has simply reviewed the decision below and finds the ALJ applied the correct legal standard and substantial record evidence supports his evaluation of the medical opinions and his RFC assessment.

The ALJ found Plaintiff had severe impairments of hypertension, obesity, and ventral hernia status post repair.  (R. 17).  He noted Plaintiff had a history of atrial fibrillation with neither treatment nor documented episodes during the relevant period and found that impairment non-severe.  Id.  He recognized Plaintiff had lung nodules with mild emphysema and no more than minimal impact during the relevant period and found it non-severe but included "restrictions to avoid pulmonary irritants in the residual functional capacity."  Id. at 18.  He found Plaintiff's allegations of chronic pain in all joints is not a medically determinable impairment in the circumstances of this case because the record contained no imaging, there is not record of treatment for pain in the evidence, and at a treatment visit shortly after the date last insured Plaintiff "reported no difficulty with ambulation and no difficulty using his extremities."  Id.

The ALJ assessed Plaintiff's RFC:

After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that he could lift and carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours out of an 8-hour workday, and stand and walk for 6 hours out of an 8-hour workday. He could frequently climb stairs, ramps, ladders, ropes and scaffolds. He could frequently balance, stoop, kneel, crouch, and crawl. He should have avoided concentrated exposure to extreme cold and pulmonary irritants.

(R. 18) (finding no.5, bold omitted). In the next three pages of his decision the ALJ discussed and explained his RFC assessment.

He stated he applied 20 C.F.R. § 404.1529 and Soc. Sec. Ruling 16-3p in evaluating the consistency of Plaintiff's allegations of symptoms and 20 C.F.R. § 404.1520c in evaluating the persuasiveness of medical opinions. Id. He summarized the standard for evaluating allegations of symptoms, summarized Plaintiff's allegations of symptoms, and found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 18-19). The ALJ summarized the record evidence relevant to the period at issue between Plaintiff's amended alleged onset date, April 11, 2014, and his date last insured, March 31, 2019. Id., at 15, 19-21.

The ALJ discussed the record evidence of Plaintiff's hernia, found no evidence of a recurrence of the hernia and found the record does not reflect disabling limitations from the hernia during the relevant period. Id. 19. He discussed Plaintiff's hypertension and noted the record was negative for any functional limitations because of hypertension. Id. He noted Plaintiff's "obesity imposes limitations that would restrict him from performing

work at a greater exertional level" than the RFC assessed but would permit the limitations

assessed.  (R. 20).  The ALJ explained his rationale for finding Plaintiff's allegations of

disabling symptoms are not consistent with the record evidence.  Id.

Finally, the ALJ explained his rationale for finding the opinions of the state

agency medical consultants persuasive:

> These opinions are supported by a detailed narrative explaining the
> evidence relied on in making the determination.  They are consistent with
> the limited treatment he underwent.  As noted above, the claimant
> underwent hernia repair, but did not require any follow up treatment
> (Exhibits 2F p. 14; 3F, p. 10).  He did not require any ongoing care for
> hypertension or any care for obesity.  They are consistent with the
> examinations in the record that consistently showed few deficits in his
> functioning.  He did not exhibit any gait abnormality or weakness during
> examinations (Exhibits 2F. p. 14; 3F, p. 10).  Nor did he exhibit any
> significant abdominal pain (Exhibits 2F, p. 14; 3F. p. 10).

Id. 21.

Plaintiff's attack on the state agency medical consultants' opinions is simply

undeveloped.  If he intends to suggest such opinions should never be admitted in Social

Security disability proceedings, such an argument should be first presented before the

agency to allow for it to first consider the question.  Moreover, Plaintiff provides no legal

authority for such a proposition and the court will not attempt to consider it without such

authority and an opportunity for the agency to respond.  To the extent he argues the

consultants only briefly summarized their opinions and did not explain their analysis, that

is belied by the record evidence.  Both physicians provided "Findings of Fact and

Analysis of Evidence."  (R. 57-58, 73-74).  Both physicians listed the medically

determinable impairments they considered: Hernias, Essential Hypertension, Obesity, and

Other and Unspecified Arthropathies (joint disease).  (R. 58-59, 74).  And both physicians completed a Residual Functional Capacity section in which they stated their opinions regarding Plaintiff's exertional, postural, manipulative, visual, communicative, and environmental limitations and provided significant "Additional Explanation" respecting their RFC limitations.  (R. 60-63, 76-78).  Finally, Plaintiff's complaint that the state agency medical consultants did not have all of the records to review is without merit for two reasons.  First, medical records through Exhibit 7F (Tallgrass Orthopedic Clinic) were in the record when Dr. Singh did the reconsideration review meaning that all but two of the medical records were reviewed by at least one of the state agency consultants.  (R. 70-71).  Second, and most importantly, all the records were reviewed by the ALJ who determined that the opinions of the consultants were persuasive based upon the regulatory factors—primarily the factors of consistency and supportability.

Plaintiff has shown no error in the ALJ's decision below and the court's review reveals that the ALJ applied the correct legal standard and substantial evidence supports his decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 5, 2023, at Kansas City, Kansas.


s/ John W. Lungstrum
_____
**John W. Lungstrum**
**United States District Judge**

10